FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

2011 DEC -7 P 2: 05

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| LUGUS IP LLC,<br><br>Plaintiff,<br><br>v.<br><br>VOLVO CAR CORPORATION, VOLVO CARS OF NORTH AMERICA, LLC, FORBIDEN FRUIT LLC, PROSPECT HILL LLC AND GUM SPRINGS LLC,<br><br>Defendants. | C.A. No. 3:11 cv 811 HEH<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Lugus IP LLC ("Lugus") for its Complaint against Volvo Car Corporation, Volvo Cars of North America LLC, Forbidden Fruit LLC d/b/a Don Beyer Volvo Frederick, Prospect Hill LLC d/b/a Don Beyer Volvo Dulles and Gum Springs LLC d/b/a Don Beyer Volvo Alexandria (collectively "Volvo") hereby alleges as follows:

### INTRODUCTION

1. This is an action brought by Lugus against Volvo for Volvo's infringement of Lugus' patent. In particular, Lugus seeks a remedy for infringement of U.S. Patent No. 5,806,926 (the "Asserted Patent"). The Asserted Patent is attached as Exhibit A.

1

## PARTIES

2. Plaintiff Lugus IP LLC s a limited liability company organized and existing under the laws of Texas with its principal place of business at 3301 W. Marshall Ave., Suite 303, Longview, Texas.

3. On information and belief, Defendant Volvo Car Corporation is a corporation organized under the laws of Sweden with its principal place of business at 405 31 Goteborg, Sweden.

4. On information and belief, Volvo Cars of North America, LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 1 Volvo Dr., Rockleigh, NJ 07647. On information and belief, Volvo Car Corporation is the parent company to Volvo Cars of North America, LLC.

5. On information and belief, Forbidden Fruit LLC, d/b/a Don Beyer Volvo Frederick, is a Virginia LLC with a principal place of business at 1231 W Broad St, Falls Church Virginia.

6. On information and belief, Prospect Hill LLC, d/b/a Don Beyer Volvo Dulles LLC, is a Virginia LLC with a principal place of business at 1231 W Broad St, Falls Church Virginia.

7. On information and belief, Gum Springs LLC, d/b/a Don Beyer Volvo Alexandria, is a Virginia LLC with a principal place of business at 1231 W Broad St, Falls Church Virginia.

## JURISDICTION AND VENUE

8. This is an action for patent infringement arising under the patent laws of the United States, United States Code, 35 U.S.C. § 271 *et seq*. This Court has subject matter jurisdiction over this action under Title 28, United States Code, §§ 1331 and 1338.

9. Each defendant is subject to personal jurisdiction in accordance with Virginia's long-arm statute, Va. Code Ann. § 8.01-328.1.

10. Venue is proper in this district pursuant to Title 28, United States Code, §§ 1391 and 1400.

11. The Volvo defendants are subject to subject to personal jurisdiction in this district because they have committed acts of infringement in Virginia, including in this district and division, and/or engaged in continuous and systematic activities in Virginia.

## GENERAL ALLEGATIONS

12. On September 15, 1998, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 5,806,926 ("the '926 patent"), entitled "CONVERTIBLE VEHICLE CHILD SAFETY SEAT." The '926 patent was invented by David A. Parson of Jefferson Maryland and was filed on July 18, 1997.

13. The inventor, David A. Parson, was a bus driver in Maryland who saw the need for greater child safety. At substantial cost, in both time and resources, Mr. Parson developed the subject invention and file for a U.S. patent. Subsequent attempts to commercialize this U.S. invention were unsuccessful as

foreign car companies did not recognize the law and imported infringing products from overseas factories.

14. Lugus is a U.S. company helping to defend the rights of Mr. Parson, a U.S. inventor. Lugus owns by assignment the entire right, title, and interest in and to the Asserted Patent as has been duly recorded at the U.S. Patent and Trademark Office at Reel 024990 and Frame 0592.

## COUNT 1
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 5,806,926
## (AGAINST ALL DEFENDANTS)

15. Lugus incorporates by reference the allegations set forth above.

16. Volvo has directly infringed and is infringing the Asserted Patent by making, using, offering for sale, selling, importing, without authority, child safety seats, including, but not limited to, those sold as the Dual Two-Stage Integrated Booster Seats on the XC70 and XC60.

17. One example of the infringing product contained in XC70 and XC60 Volvo automobiles is is described by Volvo as follows:

Dual Two-stage Integrated Booster Seats w/Adaptive Seatbelts

Dual Two-Stage Integrated Booster Seats w/Adaptive Seatbelts are another safety world first by Volvo. These integrated seats adjust two heights to accommodate children of different sizes. Now even smaller children can be seated higher to enjoy a safer and more comfortable ride. And as the children grow, the seat height can be adjusted accordingly. This optimizes the seatbelt geometry, and will – together with the built-in seatbelt load limiter – help reduce the strain on the child's neck and chest. And when the booster cushions are not needed, they're easily folded into the rear seat cushions.

The upper setting is designed for children measuring 37-47 in. and weighing between 33 and 55 lbs., while the lower setting is intended for children between 45 and 55 in. height and weighing between 48 and 80 lbs.

Includes Power Child Locks

(http://www.volvocars.com/us/all-cars/volvo-xc70/details/pages/default.aspx).

An illustration of the Dual Two-Stage Integrated Booster seats in the high and low positions is shown below.



5

On information and belief, the figure below shows the seat in the low position.



On information and belief, the figure below shows the seat in the high position.



Where (1) is a base plate, (2) is foam and trim carrier, (3) and (4) are link arms, (5) is a sub-frame, (6) is the locking mechanism and (7) the deformation element. In addition a number of springs are provided in the system to ensure that the booster is self-presented when released. On information and belief, the booster is folded down from either the first stage or the second stage by pulling the handle outwards and pushing the booster downwards. On information and belief, it is not possible to operate the booster from its second stage to its first stage without first folding it down into the adult seat cushion.

18. The current Volvo integrated child safety seats, including the Dual Two-Stage Integrated Booster Seats, provides an adult seat in combination with a child safety seat.

19. The current Volvo integrated child safety seats, including the Dual Two-Stage Integrated Booster Seats is part of an adult seat.

20. The current Volvo integrated child safety seats, retract into a portion of the adult seat.

21. The current Volvo integrated child safety seats, retract automatically into the adult seat after release of the front latch.

22. Volvo's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Lugus for which there is no adequate remedy at law. Unless enjoined, Lugus will continue to infringe the Asserted Patent.

23. Volvo's infringement of the Asserted Patent is exceptional and entitles Lugus' to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. §285.

## COUNT 2
## INDIRECT INFRINGEMENT OF U.S. PATENT NO. 5,806,926
## (AGAINST ALL DEFENDANTS)

24. Lugus incorporates by reference the allegations set forth above.

25. Volvo has indirectly infringed and is indirectly infringing the Asserted Patent by inducing Volvo dealers and/or Volvo customers to directly

infringe the '926 patent through use, sell or offer for sale of infringing child safety seats, including, but not limited to the Dual Two-Stage Integrated Booster Seats,

26. On information and belief, Volvo encourages, induces and intends customers to use, sell or offer for sale the infringing child safety seats. Volvo induces infringement of the '926 patent.

27. Volvo has indirectly infringed and is indirectly infringing the Asserted Patent by contributing to the infringement of other such as Volvo dealers and/or Volvo customers to directly infringe the '926 patent through use, sell or offer for sale of infringing child safety seats.

28. The child safety seats are not staple articles of commerce and are not suitable for substantial non-infringing use.

29. On information and belief, Volvo's actions are intentional and with knowledge of the '926 patent at least as of the filing and service of the instant Complaint.

30. Volvo's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Lugus for which there is no adequate remedy at law. Unless enjoined, Lugus will continue to infringe the Asserted Patent.

31. Volvo's infringement of the Asserted Patent is exceptional and entitles Lugus' to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. §285.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Lungi demands a trial by jury in this action on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Lugus prays for the following relief against Volvo:

(a) Judgment that the Asserted Patent has been and continues to be directly infringed by Volvo;

(b) For all damages sustained as a result of Volvo's infringement of the Asserted Patent;

(c) For pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

(d) For a permanent injunction enjoining Volvo, its officers, agents, servants, employees and all other persons acting in concert or participation with it from further infringement of the Asserted Patent;

(e) For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(f) For all costs of suit; and

(g) For such other and further relief as the Court may deem just and proper.

/s/ John R Fuisz
John R Fuisz (VSB# 34365)
THE FUISZ-KUNDU GROUP LLP
1455 Pennsylvania Ave., NW
Suite 400
Washington, DC 20004
T. 202.621.1889
F. 202.652.2309
E. jfuisz@fuiszkundu.com

Counsel for Plaintiff Lugus IP LLC

Dated: December 7, 2011