IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LUGUS IP LLC,                                )
                                             )
            Plaintiff,                       )
v.                                           )        Civil No. 3:11CV811–HEH
                                             )
VOLVO CAR CORPORATION,                       )
VOLVO CARS OF NORTH                          )
AMERICA, LLC, FORBIDDEN                      )
FRUIT LLC, PROSPECT HILL LLC                 )
AND GUM SPRINGS LLC,                         )
                                             )
            Defendants.                      )

## MEMORANDUM OPINION
**(Granting Defendants' Motion to Transfer Venue to the District of New Jersey Pursuant to 28 U.S.C. § 1404(a) and to Sever and Stay Plaintiff's Claims Against the Remaining Defendants)**

This matter is before the Court on the Motion of Defendants Volvo Corporation

("Volvo Sweden"), Volvo Car Corporation of North America, LLC ("Volvo NA"),

Forbidden Fruit LLC, Prospect Hill LLC, and Gum Springs LLC (collectively the

"Dealerships" and together with Volvo Sweden and Volvo NA, "Defendants") to transfer

the action against Volvo Sweden and Volvo NA to the District of New Jersey pursuant to

28 U.S.C. § 1404, and sever and stay the claims against the Dealerships.  Defendants'

Motion to Transfer Venue to the District of New Jersey Pursuant to 28 U.S.C. § 1404(a)

and to Sever and Stay Plaintiff's Claims Against the Remaining Defendants has been

fully briefed.  The Court will dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the Court, and oral argument

1

would not aid in the decisional process.  For the reasons set forth herein, the Motion will be granted.

## I. BACKGROUND

Lugus IP, LLC ("Lugus") owns U.S. Patent No. 5,806,926 (the " '926 patent") entitled "Convertible Vehicle Child Safety Seat."  The United States Patent and Trademark Office ("USPTO") issued the '926 patent to David A. Parson ("Parson") of Jefferson, Maryland on September 15, 1998.  Parson developed the subject invention, filed for the patent, and later assigned the entire right, title, and interest in the '926 patent to Lugus.  Lugus is a limited liability company organized under the laws of Texas, with its principal place of business in Texas.

In its Complaint, Lugus asserts that Volvo directly infringed and continues to infringe the '926 patent "by making, using, offering for sale, selling, importing, without authority, child safety seats, including, but not limited to, those sold as the Dual Two-Stage Integrated Booster Seats on the XC70 and XC60."  (Compl. at ¶ 16.)

Defendants have counterclaimed for a declaratory judgment of non-infringement and invalidity of the '926 Patent.  On March 19, 2012, Defendants filed the instant Motion to Transfer Venue to the District of New Jersey Pursuant to 28 U.S.C. § 1404(a) and to Sever and Stay Plaintiff's Claims Against the Remaining Defendants.  Defendants also requested that the Court sever and stay all claims against the Dealerships.

## II. STANDARD OF REVIEW

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have

been brought." 28 U.S.C. § 1404(a). Provided that the plaintiff's claims could initially

have been brought in the transferee forum, "[t]he decision whether to transfer an action

pursuant to § 1404(a) 'is committed to the sound discretion of the district court.'" *BHP*

*Int'l Inv., Inc. v. Online Exch., Inc.*, 105 F. Supp. 2d 493, 498 (E.D. Va. 2000) (quoting

*Verosol B.V. v. Hunter Douglas, Inc.*, 806 F. Supp. 582, 591 (E.D. Va. 1992)); *see also*

*Southern Ry. Co. v. Madden*, 235 F.2d 198, 201 (4th Cir. 1956), *cert. denied,* 352 U.S.

953, 77 S. Ct. 328 (1956). Thus, upon consideration of Defendants' motion to transfer

venue, this Court must make two inquiries: (1) whether the claims might have been

brought in the District of New Jersey, and (2) whether the interest of justice and the

convenience of the parties justify transfer to that district. *See, e.g., Corry v. CFM*

*Majestic Inc.*, 16 F. Supp. 2d 660, 663, 666 (E.D. Va. 1998).

Under the first prong of the Court's inquiry, the Court must consider two factors.

In order to demonstrate that an action could have been brought in a transferee district, a

movant must demonstrate that: (1) venue would have been proper in the transferee

district, and (2) the transferee court could exercise personal jurisdiction over all of the

defendants. Turning to the second prong of the analysis, the Court must assess: "(1) the

plaintiff's [initial] choice of venue; (2) witness convenience and access; (3) the

convenience of the parties; and (4) the interest of justice." *JTH Tax, Inc. v. Lee*, 482 F.

Supp. 2d 731, 736 (E.D. Va. 2007) (alteration in original) (internal quotation omitted).

The movant bears the burden of establishing that the factors weigh strongly in favor of

transfer. *See United States v. Douglas*, 626 F. Supp. 621, 626 (E.D. Va. 1985).

In cases where jurisdiction in a transferee district is not proper for a defendant who is only indirectly connected to the main claims, the transferor court may sever the claims as to that defendant, and transfer the remaining claims to a more convenient district pursuant to § 1404(a). *See Corry*, 16 F. Supp. 2d at 664.  Such action, however, is appropriate only when: (1) the severed claim is peripheral to the remaining claims; (2) adjudication of the remaining claims potentially disposes of the severed claim; and (3) 28 U.S.C.A. § 1404(a) warrants transfer of the remaining claims. *Id*. at 665.

### III. ANALYSIS

Here, Defendants ask the Court to sever and stay the claims against the Dealerships and transfer the action against both Volvo NA and Volvo Sweden to the District of New Jersey.  In so requesting, Defendants argue that the claims against the Dealerships are peripheral to the main claims against Volvo.  Furthermore, as to the claims against Volvo NA and Volvo Sweden, venue and jurisdiction is proper in the District of New Jersey.  According to Defendants, minimal consideration should be given to the original choice of forum, because Lugus has no substantive connection to Virginia, other than this lawsuit.  Defendants also contend that the convenience of the parties and witnesses weigh in favor of a transfer because Volvo has extensive ties to the District of New Jersey.  Particularly, because New Jersey serves as Volvo NA's principal place of business and headquarters for Volvo's North American operations, key witnesses and documents are located there.  Defendants also assert that the interest of justice would best be served by transferring this case to New Jersey.  Critical to the Movants' interest-of-justice argument is their contention that Lugus has engaged in forum shopping by naming

4

three Virginia dealerships simply to "artificially manufacture venue." (Mem. Supp. Defs.' Mot. Transfer Venue & Sever Stay Pl.'s Claims Against Remaing Defs. [hereinafter "Defs.' Mem."] at 13.) According to Defendants, "such blatant forum shopping" does not serve the interests of justice. (Id. (citing *Telepharmacy Solutions v. Pickpoint Corp.*, 238 F. Supp. 2d 741, 743–44 (E.D. Va. 2003)).)

Lugus counters that the claims against the Dealerships should not be severed and stayed because it would both deny Plaintiff access to evidence and limit recovery. Consequently, transfer would be inappropriate because the District of New Jersey lacks jurisdiction over the Dealerships. Lugus also questions the jurisdiction of the District of New Jersey over Volvo Sweden. Turning to the four factors encompassed in the second prong of the transfer analysis, Lugus further disputes the alleged special connection to New Jersey. Rather, according to Lugus "[t]he only acts that occur in New Jersey are "marketing, sales, service, warranty and other functions." (Pl. Opp'n Defs.' Mot. Stay, Sever Transfer [hereinafter "Pl.'s Opp'n"] at 3.) Manufacture of the infringing seats and vehicular installation occurs almost exclusively outside the United States, and any domestic installation would occur solely at dealerships, in conjunction with service or repairs. (Id.) Thus, Lugus "did not deem it prudent to simply sue the U.S. distributor or manufacturer." (Id.)

The propriety of staying and severing the claims against the Dealerships depends in part on whether the core claims against Volvo should be transferred under 28 U.S.C. § 1404. Therefore, in conducting its analysis, the Court will first address transfer of the claims against Volvo NA and Volvo Sweden, before turning to the issue of a stay and

severance of the claims against the Dealerships.  Lugus disputes whether venue and

jurisdiction as to Volvo Sweden is proper in the District of New Jersey, as well as

whether transfer satisfies the interests of justice and convenience of the parties and

witnesses.  The Court, therefore, considers these factors in turn.

### A.  *Venue and Jurisdiction of Claims Against Volvo NA and Volvo Sweden*

Under the first prong of the Court's inquiry into a motion to transfer, the Court

must consider whether: "(1) venue would have been proper in the transferee district, and

(2) the transferee court could exercise personal jurisdiction over all the defendants." *L.G.*

*Elecs., Inc. v. Advance Creative Computer Corp.*, 131 F. Supp. 2d 804, 809 (E.D. Va.

2001) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22. 24 (3rd Cir. 1970)).  The venue

provision for patent infringement actions states, in relevant part, that "[a]ny civil action

for patent infringement may be brought in the judicial district where the defendant

resides, or where the defendant has committed acts of infringement and has a regular and

established place of business." 28 U.S.C. § 1400(b).  With respect to corporations, "[f]or

purposes of venue . . . a defendant that is a corporation shall be deemed to reside in any

judicial district in which it is subject to personal jurisdiction at the time the action is

commenced." 28 U.S.C. § 1391(c).  "Therefore, if a corporation 'resides' in a district

within the meaning of § 1391(c), venue is proper in that district within the meaning of §

1400(b)" and "the tests for venue and personal jurisdiction are interchangeable for

corporations." *L.G. Elecs.*, 131 F. Supp. 2d at 809–10.

6

As a preliminary matter, Lugus does not contest that venue and jurisdiction are proper in the District of New Jersey as to Volvo NA. Indeed, Volva NA's principal place of business has been located in the state since 2008. (Defs.' Mem. at 7.)

Lugus does, however, challenge personal jurisdiction and venue as to Volvo Sweden. In support of their claim that this action could have been brought in the District of New Jersey, Defendants note that "Volvo Sweden makes and exclusively sells vehicles to Volvo NA in New Jersey," and that the "vast majority of its business and contacts with the United States are also in the District of New Jersey." (Id.) Citing Lugus's own jurisdictional allegations in the initial Complaint, Defendants then argue that "[t]o the same extent Volvo Sweden is subject to personal jurisdiction in the Eastern District of Virginia on account of having engaged in continuous and systemic activities in Virginia as Plaintiff alleges . . . its contacts with the District of New Jersey would also be considered continuous and systematic." (Id.)

In its opposition, Lugus misconstrues Defendants' statements, claiming that they failed to affirmatively assert jurisdiction. Honing in on Defendants' argument that Volvo Sweden is subject to jurisdiction in New Jersey "[t]o the same extent [it] is subject to personal jurisdiction in the Eastern District of Virginia," Lugus questions whether Volvo Sweden will subsequently challenge jurisdiction in New Jersey. (Pl.'s Opp'n at 5.) Defendants find this accusation "puzzling," and the Court agrees. (Defs' Reply at 2.) Lugus clearly overlooks the Defendants' argument that Volvo Sweden makes and exclusively sells vehicles to Volvo NA in New Jersey. Furthermore, as alleged by Defendants, the vast majority of Volvo Sweden's business and contacts with the United

States take place in the District of New Jersey. Accordingly, this Court finds that the claims against both Volvo NA and Volvo Sweden could have been brought in the District of New Jersey.

### B. *Transfer of Core Claims Against Volvo NA and Volvo Sweden*

Turning to the second prong of the transfer analysis under § 1404(a), the principal factors for district court consideration include the plaintiff's choice of forum, witness convenience and access, party convenience, and the interest of justice. *See Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 633 (E.D. Va. 2003); *Corry*, 16 F. Supp. 2d at 666. The Court will address each of these factors in succession.

### *1. Choice of Forum*

"[T]he plaintiff's choice of forum is ordinarily entitled to substantial weight." *Koh*, 250 F. Supp. 2d at 633. However, "a plaintiff's chosen venue is not given such substantial weight when the plaintiff selects a forum other than its home forum and the claims bear little or no relation to the chosen forum." *Id.* In addition, the "[p]laintiff's choice of forum should not be accorded great weight where . . . [the] [p]laintiff originally selected a separate forum within which to litigate its patents and is simultaneously engaged in litigation in that forum." *Inline Connection Corp. v. Verizon Internet Servs.*, 402 F. Supp. 2d 695, 701 (E.D. Va. 2005).

In this case, Lugus, a Texas limited liability company with its principal place of business in Texas has chosen a venue other than its home forum. (Compl. at ¶ 2.) Lugus nevertheless emphasizes that a connection exists between the Eastern District of Virginia and its claims "that reasonably and logically supports the plaintiff's decision to bring the

case in the chosen forum." (Pl.'s Opp'n at 9.) (citing *Mullins v. Equifax Info. Servs.,*
*LLC*, No. 3:05-cv-888, 2006 U.S. Dist. LEXIS 24650, at *17–18 (E.D. Va. Apr. 28,
2006.)

Specifically, Lugus asserts that the Eastern District of Virginia relates to the patent
claims because "Lugus' investigation . . . reveals that Defendants sell infringing products
in this district." (Id.) While this may be true, whether Defendants sold or offered for sale
their allegedly infringing products or services in this district is of little import.  Sales
activity alone does not establish a substantial connection to the forum. *See Agilent*
*Techs., Inc. v. Micromuse, Inc.*, 316 F. Supp. 2d 322, 327 n.3 (E.D. Va. 2004).  Under
this criterion, the instant lawsuit could have been filed in any state.  Moreover, as this
sales activity is not unique to Virginia, the facts suggest little other than forum shopping
by Lugus.  Therefore, the more important question becomes "where the majority of the
witnesses and evidence is located." *Id.*  This leads the Court to the second and third
factors of the § 1404(a) analysis—the convenience of witnesses and access to sources of
proof, as well as the party convenience.

### 2. *Witness Convenience and Access to Sources of Proof*

In resolving a motion to transfer venue the Court must weigh the convenience to
the witnesses in litigating in either venue. *Acterna, L.L.C. v. Adtech, Inc.*, 129 F. Supp.
2d 936, 939 (E.D. Va. 2001).  The party asserting inconvenience to witnesses "has the
burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and
their potential testimony to enable the court to assess the materiality of evidence and the

degree of inconvenience." *Koh*, 250 F. Supp. 2d at 636 (citing *Corry*, 16 F. Supp. 2d at 667 n.16). Here, Defendants have met their burden.

According to Defendants, because Volvo NA's operations take place in New Jersey, "[a]ll the relevant evidence and sources of proof are located in New Jersey," including documents and "key witnesses knowledgeable about the market research, product brochures, . . . sales and distribution and other financial information." (Defs.' Mem. at 10.) To support this contention, Defendants have provided sworn declarations from a number of business managers located in New Jersey. (Id. at 10–11.)

In addition, Defendants argue that "[w]hile the research, development, and testing of the [allegedly infringing technology] takes place in Sweden, to the extent employees knowledgeable about these functions are required to travel to the United States, it would be more convenient for these employees to travel to New Jersey." (Id. at 11.) Contrary to litigating in the Eastern District Virginia, should employees be required to travel from Sweden to New Jersey, they could use the trip for other business purposes and work remotely from the New Jersey office. (Id.)

In response, Lugus fails to advance any evidence that witnesses, documents, or other sources of proof are located in Virginia. According to Lugus, Virginia merely provides a convenient forum to its officers who reside in the Washington, D.C., metropolitan area, as well as the named inventor who is a Maryland resident. None of these witnesses, however, are actually located in the Eastern District of Virginia. Thus, apart from some additional travel miles, it is unclear why traveling north to the District of New Jersey would prove any less convenient than traveling south to the Eastern District

of Virginia.  Lugus has also neglected to provide any information as to the relevance of these witnesses' testimony.

Likewise, in addressing the location of documents, Lugus claims that technological developments such as email and scanners abrogate the necessity of considering document location.  With respect to the information retained by the Dealerships, Lugus further asserts that to the extent such "literature is shared uniformly with all dealers, that same discovery can be obtained from the Virginia Dealers[hips]." (Pl.'s Opp'n at 11.)  Defendants, however, aptly point out that this information originates from Volvo NA in New Jersey.  Furthermore, the named Dealerships only have access to sales information particular to their individual operations, while Volvo NA maintains records for dealerships nationwide.

Considering the record in its entirety, the convenience of the witnesses and access to evidence weighs heavily in favor of transfer.  Defendants have provided incontrovertible proof that substantially more witnesses and documents are located in the District of New Jersey than in this district.  Moreover, Lugus has failed to counter these assertions with any evidence of material witnesses or necessary documents located here in the Eastern District of Virginia.

### 3.  Party Convenience

The convenience of the parties is also a relevant consideration in the transfer analysis.  When evaluating this factor, "[t]he logical starting point is a consideration of the residence of the parties."  *JTH*, 482 F.Supp.2d at 738; *see also Mullins*, 2006 WL 1214024, at *6 (quoting *U.S. Fid. & Guar. Co. v. Republic Drug Co.*, 800 F. Supp. 1076,

11

1080 (E.D.N.Y. 1992)). Particularly, "when plaintiffs file suit in their home forum, convenience to parties rarely, if ever, operates to justify transfer." *Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1259 (E.D. Va.1988).

In the immediate case, however, Lugus did not file suit in its home forum and claims only that Virginia provides a convenient forum for litigation. Lugus, however, fails to provide any specific contacts with the Eastern District of Virginia. Rather, Lugus contends that corporate officers who are likely to testify reside in Washington, DC, and the named inventor resides in Maryland. (Pl.'s Opp'n at 10.) In contrast, Volvo NA's headquarters are indisputably located in New Jersey, along with witnesses and documents. Therefore, convenience to the parties weighs heavily in favor of transfer.

### 4. Interest of Justice

"The interest of justice 'encompasses public interest factors aimed at systemic integrity and fairness.'" *Byerson v. Equifax Info Servs., LLC*, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006) (quoting *Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 721 (2005) (internal quotation omitted)). Key considerations include the court's interest in promoting judicial economy and avoiding inconsistent judgments. *Id.* The "interest of justice" also includes circumstances such as "the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, and the possibility of harassment." *Bd. of Trs.*, 702 F. Supp. at 1260. Notably, "the interest of justice may be decisive in ruling on a transfer motion, even though the convenience of the

parties and witnesses point in a different direction." *Samsung*, 386 F. Supp. 2d at 716

(quoting 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal*

*Practice and Procedure* § 3854, at 439–40 (2d ed. 1986)); *see also In re Vistaprint Ltd.*,

628 F.3d 1342, 1346 (Fed. Cir. 2010) (noting that "the § 1404(a) factors of public interest

of judicial economy can be of 'paramount consideration'").

In the instant case, however, the interest of justice does not weigh in favor of

retaining jurisdiction. In its Opposition, Lugus points only to judicial economy and the

relative speed of the docket in the Eastern District of Virginia to support its argument for

retaining venue. According to Lugus, the Eastern District of Virginia is a much more

efficient forum for resolving patent infringement matters and moving cases forward.

(Pl.'s Opp'n at 13–14.) Admittedly, it is possible that transfer could cause some delay in

achieving a resolution of the claims.

As other courts in this district have stated in the past, however, such docket

considerations

> cannot be the primary reason for retaining a case in this district. This Court
> cannot stand as a willing repository for cases which have no real nexus to
> this district. The "rocket docket" certainly attracts plaintiffs, but the Court
> must ensure that this attraction does not dull the ability of the Court to
> continue to act in an expeditious manner.

*Telepharmacy Solutions, Inc. v. Pickpoint Corp.*, 238 F. Supp. 2d 741, 744 (E.D. Va.

2003) (citing *Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.*, 83 F. Supp.

2d. 689, 699(E.D. Va. 2000)). Therefore, "docket conditions, although relevant, are a

minor consideration, which a court must view in light of other relevant factors, and which

will receive little weight if all other reasonable and logical factors result in a transfer of

13

venue." *Koh*, 250 F. Supp. 2d. at 639 (citing *Intranexus, Inc. v. Siemens Med. Solutions Health Serv. Corp.*, 227 F. Supp. 2d 581, 585 (E.D. Va. 2002)).

### 5. Summary

In conclusion, although Lugus has not chosen to bring this action in its home forum of Texas, that is not alone sufficient to eliminate all deference to its choice of forum. Nevertheless, although a loose association exists between the claims against the Dealerships and this district, there is little, if any, connection with the claims against Volvo NA and Volvo Sweden, who are responsible for the greater weight of the accused activity. More importantly, the predominant number of potential witnesses and documents relating to both infringement and damages are located in New Jersey. Because these factors weigh strongly in favor of transferring this action, they are not overborne by any consideration for the interest of justice and Lugus's argument that this case may reach trial earlier in this district than in the transferee forum. Therefore, § 1404(a) warrants transfer of the claims against Volvo NA and Volvo Sweden to the District of New Jersey.

### C. Severance and Stay of Claims Against Dealerships

Having determined that transfer is appropriate for the claims against Volvo NA and Volvo Sweden, the Court next turns to whether the claims against the Dealerships should be severed and stayed. It is well established that when a transferee district lacks jurisdiction over a defendant who is only indirectly connected to the main infringement claims, the transferor court may sever the claims as to that defendant, and transfer the remaining claims to a more convenient district pursuant to § 1404(a). *See, e.g., L.G.*

*Elecs.,* 131 F. Supp. 2d at 811; *Corry,* 16 F. Supp .2d at 664; *Leesona Corp. v. Cotwool Mfg. Corp.,* 204 F. Supp. 139, 141 (W.D. S.C. 1962), *(appeal dismissed,* 308 F.2d 895 (4th Cir. 1962)). "Such action is appropriate only when: (1) the severed claim is peripheral to the remaining claims; (2) adjudication of the remaining claims potentially disposes of the severed claim; and (3) 28 U.S.C.A. § 1404(a) warrants transfer of the remaining claims." *L.G. Elecs.,* 131 F. Supp. 2d at 811. The instant case satisfies all three criteria.

Turning first to the peripheral nature of the claims, courts in this circuit have consistently found that "[a] patent infringement claim against a distributor of infringing products is peripheral to a claim against the manufacturer." *Id.* (citing *Corry,* 16 F. Supp. 2d. at 665–66). In *Corry,* for example, the district court found the distributor's involvement to be tangential to the case where the distributor was only secondarily involved, did not manufacture the alleged infringing device, and would be liable only if the manufacturer was liable. *Corry,* 16 F. Supp. 2d at 665; *see also L.G. Elecs.,* 131 F. Supp. 2d at 811 (holding that claims against a reseller were peripheral in nature when the reseller did not manufacture the infringing item and would be liable only if the manufacturer infringed the patent).

Similarly, in the case at hand, the Dealerships do not manufacture the allegedly infringing technology. Rather, their role is restricted solely to the sale of vehicles. They have no immediate corporate connection to Volvo NA and Volvo Sweden, and have no involvement in the design, development, or manufacture of the allegedly infringing item. Moreover, their liability depends on that of Volvo NA and Volvo Sweden. As in other

patent infringement cases, the object of Lugus's lawsuit is to secure its intellectual property rights and to enjoin the manufacture, use, and sale of products in derogation of its rights. *See L.G. Elecs.*, 131 F. Supp. 2d. at 812. Accordingly, the successful prosecution of an infringement claim against Volvo NA and Volvo Sweden is more likely to safeguard contested intellectual property rights nationwide than a judgment enjoining the Dealerships from selling infringing products from their existing inventories. Therefore, Lugus's claims against the Dealerships are peripheral to the main patent infringement claims against Volvo NA and Volvo Sweden.

In addition, adjudication of the claims against Volvo NA and Volvo Sweden will ultimately dispose of the claims against the Dealerships. Any liability on the part of the Dealerships turns completely on Volvo's liability as manufacturer of the allegedly infringing technology. *See Corry*, 16 F. Supp. 2d at 665. As in other comparable cases, the Dealerships' presence as parties to the litigation neither adds nor detracts from the underlying patent infringement claim.[1]

Finally, as is detailed above, it is appropriate under 28 U.S.C. § 1404(a) to transfer the claims against Volvo NA and Volvo Sweden to the District of New Jersey. Because this case satisfies each of the requisite factors, the Court may sever the claims as to the

---

[1] In addressing this factor, Plaintiff alleges that severing the claims will somehow limit the recovery provided by law. Lugus fails, however, to sufficiently explain how severance of the claims would ultimately limit recovery. In the event the Court finds Volvo liable and Lugus is entitled to collect royalties from Volvo, Lugus cannot in turn collect royalties from the dealerships. *See LG Electronics*, 131 F. Supp. 2d. at 812 (citing *Intel Corp. v. ULSI Sys. Tech. Inc.*, 995 F.2d 1566, 27 U.S.P.Q.2d 1136, 1138–39 (Fed. Cir. 1993) (holding that a patentee can collect only one royalty from a patent infringement)).

Dealerships, and transfer the remaining claims to a more convenient district, here the District of New Jersey, pursuant to § 1404(a).

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Transfer Venue to the District of New Jersey Pursuant to 28 U.S.C. § 1404(a) and to Sever and Stay Plaintiff's Claims Against the Remaining Defendants will be granted.  The claims against the Dealerships will be severed and stayed and the claims against Volvo NA and Volvo Sweden will be transferred to the District of New Jersey.

It is SO ORDERED.

_____  /s/  _____
Henry E. Hudson
United States District Judge

Date: May 14, 2012
Richmond, VA